**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JOE D. WHISENHUNT and
MARGARET H. WHISENHUNT                                                PLAINTIFFS

V.                                    4:07CV0001099 JMM

SOUTHWESTERN TELEPHONE L.P.,
d/b/a AT&T ARKANSAS, and
SOUTHWESTERN BELL TELEPHONE
COMPANY d/b/a AT&T ARKANSAS                                           DEFENDANTS

## ORDER

Pending is the Defendants' Motion to Dismiss for Lack of Jurisdiction, the Defendants' Motion for Summary Judgment and the Plaintiffs' Motion to Amend the Amended Complaint. The parties have responded to the motions. For the reasons set forth below, the Motion to Dismiss is DENIED. The Motion for Summary Judgment and the Motion to Amend will be ruled upon by separate order.

Defendants contend that the Plaintiffs' Complaint should be dismissed because the Court lacks subject matter jurisdiction over the action. Defendants argue that the Court lacks subject matter jurisdiction because 1) Plaintiffs lack standing under the substantive law of Arkansas to seek the requested declaratory judgment; 2) the controversy between the parties is not yet ripe for adjudication; and 3) a party whose rights and interests would be directly affected by the issuance of the requested declaratory judgment has not been joined as a party to the action, as required by federal and Arkansas law.

The Court must analyze this issue as provided under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Unlike analysis under Rule 12(b)(6), Rule 12(b)(1) allows the Court to consider matter outside of the pleadings.

> H]ere the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction--its very power to hear the case--there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Osborn v. U.S.*, 918 F.2d 724, 730 (8th Cir. 1990)(quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Plaintiffs are the owners of real property located in Little Rock, Arkansas, which they seek to develop.  As a condition of that development, the City of Little Rock (the "City") requires the improvement of Kirk Road.  Defendants have telephone lines located within and on the west side of the Kirk Road right-of-way within the City.  The Plaintiffs allege that the improvement of Kirk Road is required for the public benefit and not solely because of the Plaintiffs' development and, therefore, the Defendants should pay the cost of relocating the telephone lines.  The Plaintiffs seek a declaratory judgment to determine the rights and obligations of the parties under the City's Ordinance Numbers 11,345, 14,981, 19,662, and 19,663.  Plaintiffs also seek prohibitory and mandatory injunctive relief against the Defendants with regard to the relocation of Defendants' telephone lines located on Kirk Road.  (Amended Complaint, at p. 1-2).

In the Motion to Dismiss, Defendants state that Plaintiffs lack standing to bring this declaratory judgment claim against them.

> The doctrine of standing focuses on whether the plaintiff before the court is the proper party to request adjudication of a particular issue.  The purpose of the standing requirement is to ensure the parties have such a stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions. In order to establish they have standing to sue, plaintiffs must show they have suffered some actual or threatened injury fairly traceable to the challenged conduct of the

defendants that is likely to be redressed by a favorable decision. *United Food and Commercial Workers Intern. Union, AFL-CIO, CLC v. IBP, Inc.,* 857 F.2d 422, 426 (8th Cir. 1988).

The Court finds that the Plaintiffs have standing to sue pursuant to the standard set out in *United Food*. Plaintiffs have a substantial monetary stake in the outcome of the controversy. Plaintiffs have suffered a "threatened injury" traceable to the Defendants refusal to pay the costs of the relocation of telephone lines on Kirk Road. Plaintiffs have also suffered an actual injury by the placement of $100,000.00 in an escrow account contingent on the resolution of this case.

Defendants argue that the Plaintiffs lack standing under the substantive law of Arkansas. Defendants cite to *Little Rock Ry. & Elec. Co. v. Dowell*, 142 S.W. 165 (Ark. 1911) as authority for this argument. However, as Plaintiffs point out, the standing issue is governed by federal law. *See Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345 (3rd Cir. 1986). Moreover, the issues in *Dowell* are different than the issues in the instant case. The plaintiffs in *Dowell* challenged the city council's right to enact an ordinance. Plaintiffs here do not make such a challenge. Instead, the Plaintiffs seek an interpretation of certain ordinances. *See McAlmont Suburban Sewer Improvement Dist. No. 242 v. McCain-Hwy. 161, LLC*, 2007 WL 2660210 (Ark. 2007). Defendants' Motion to Dismiss on this issue is DENIED.

Defendants also argue that the controversy between the parties is not yet ripe for adjudication. In *Marine Equipment Management Co. v. USA*, a panel of the Eighth Circuit Court of Appeals discussed the issue:

> The test to determine whether there is an actual controversy within the meaning of the Declaratory Judgment Act is whether there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Marine Equipment Management Co. v. USA*, 4 F.3d 643, 646 (8th Cir.1993)(quoting *Caldwell v.*

*Gurley Refining Co.*, 755 F.2d 645 (8th Cir. 1985).

Because the test to determine the existence of a 'substantial controversy' is imprecise, the decision of whether such controversy exists is made upon the facts on a case by case basis. The controversy must be live throughout the course of the litigation and must exist at the time of the district court's hearing of the matter and not simply when the case is filed. *Id.*

Plaintiffs contend that the Defendants are responsible for the costs of relocating Defendants' telephone lines and Defendants contend that Plaintiffs are responsible for the costs. Plaintiffs have a legal interest in the real property and the Defendants own the telephone lines located on Plaintiffs' property. Plaintiffs are under contract with a third party to make the necessary improvements to the property within a specific time frame which results in the immediacy and reality of the issue. The controversy is ongoing. Therefore, the Court finds that there is a substantial controversy between the Plaintiffs and the Defendants in this case. *See Progressive Cas. Ins. Co. v. Layton,* 2006 WL 1520571, 2 (W.D. Ark. 2006). Defendants' Motion to Dismiss as to this issue is DENIED.

Finally, Defendants contend that the Complaint should be dismissed because the Plaintiffs have failed to join the City of Little Rock in this action. Defendants argue that the City of Little Rock (the "City") is a party whose rights and interests would be directly affected by the issuance of the requested declaratory judgment and, therefore, the Plaintiffs are required by Arkansas and federal law to join the City as a party to this case. The Court has previously ruled that the City is not a necessary party under Federal Rule of Civil Procedure 19. *Whisenhunt v. Southwestern Bell, et al*, No. 4:07CV1099 JMM (E.D. Ark. December 12, 2007)(order denying motion to dismiss). Defendants now argue that regardless of whether the City is a necessary party under Rule 19, it is a necessary and indispensable party under both § 11 of the Uniform

Declaratory Judgment Act, Federal Rule of Civil Procedure 57, and Ark. Code Ann. § 16-111-106.

A declaratory judgment may be obtained by "any interested party." 28 U.S.C.A. § 2201. "The reference to an 'interested party' therein, however, is to one seeking a declaration of rights, and not to those who may be joined as parties defendant to such an action." *Reardon v. Pennsylvania-New York Cent. Transp. Co.,* 323 F. Supp. 598, 599 (D.C. Ohio 1971). "Consequently, the liberal rules of joinder of parties provided by Rules 14 and 17 to 25 are equally beneficial in declaratory-judgment actions and the requirements of compulsory joinder of those needed for a just adjudication set out in Rule 19 are fully applicable." Wright, Charles Alan & Miller, Arthur R. & Kane, Mary Kay ,10B Federal Practice and Procedure Civ. § 2768 (3rd ed. 2008).

Plaintiffs do not contend that the ordinances at issue here are improper or invalid. Plaintiffs merely contend that the Defendants are not complying with their duties under the ordinances. As determined by the Court previously, the Amended Complaint does not reflect any actual controversy involving the City. Defendants' Motion to Dismiss on this issue is DENIED.

Defendants' Motion to Dismiss (Docket # 22) is DENIED.

IT IS SO ORDERED this 9th day of September 2008.

_____
James M. Moody
United States District Judge